

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 14, 1948

Hon. M. B. Morgan                    Opinion No. V-735
Commissioner
Bureau of Labor Statistics           Re: May municipalities levy an
Austin, Texas                            occupation tax upon licens-
                                         ed employment agencies
                                         that send employees out of
Dear Mr. Morgan:                         State and related question.

Your opinion request reads, in part, as follows:

"Section 6 of H. B. 264, Regular Session, 48th
Legislature, provides for an occupation tax on
agencies sending employees out of the State, and
further provides the method whereby said occupa-
tion tax is to be paid. Under the provisions of this
Section a county occupation tax is levied upon a
population basis according to the preceding Fed-
eral Census. Nothing is mentioned in said Sec-
tion with reference to the levying or collection of
an occupation tax by municipalities.

"Therefore, I would appreciate your advice and
opinion as to whether or not municipalities would
be acting within their authority in levying an occu-
pation tax upon licensed employment agencies op-
erating within their jurisdictions, and if so, upon
what basis would such an occupation tax be com-
puted.

"2. If you have answered the first part of
question 1 in the affirmative, then please advise
me whether or not an ordinance worded as follows
would be valid:

"'There shall be levied and assessed against
and collected from every person, firm, corpora-
tion and association of persons in the City of Aus-
tin which is taxed by the occupation tax laws of
the State of Texas, an occupation tax equal in
each instance to one-half ($\frac{1}{2}$) of the occupation
tax levied by the State of Texas on each occupation
or separate establishment.'"

Section 1 of Article VIII of the Texas Constitution provides:

"... The Legislature may impose ... occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State ... the occupation tax levied by any county, city or town for any year on persons or corporations pursuing any profession or business, shall not exceed one half of the tax levied by the State for the same period on such profession or business."

Article 1146, Section 1, V.C.S., provides:

"The board of aldermen shall have power to levy and collect an occupation tax of not more than one-half of the amount levied by the State."

Section 6, H. B. No. 264, Ch. 67, page 86, 48th Legislature, provides:

"Occupation Tax on Agencies Sending Employees Out of State. In addition to the license fee and bond required in Section 3 of this Act, every employment or labor agent hiring, enticing, or soliciting common or agricultural workers in this State to be employed beyond the limits of this State, shall pay an annual State tax of Six Hundred Dollars ($600) and in each county where said employment or labor agent operates, an annual tax on a population basis according to the preceding Federal census as follows: In counties under one hundred thousand (100,000) population the sum of One Hundred Dollars ($100); in counties having a population from one hundred thousand (100,-000) to two hundred thousand (200,000) inclusive, the sum of Two Hundred Dollars ($200); and in counties over two hundred thousand (200,000) population the sum of Three Hundred Dollars ($300). This tax shall be paid to the Commissioner at the time such employment or labor agency license or licenses are issued and shall be forwarded by him to the proper tax collection agencies. Such tax shall be good for the same period of time as the employment agency license."

House Bill No. 264 provides in Section 3 that each license issued by the Commissioner shall be good for a period of one year from the date of issuance.

If this annual State tax of Six Hundred Dollars is an occupation tax, then under the above-cited constitutional and statutory provisions, municipalities have the authority to levy an occupation tax against such agencies in any amount not exceeding Three Hundred Dollars annually. In our opinion this State tax is clearly an occupation tax. The Legislature so denominated it. Such agencies at the time of the payment of this State tax are required to pay One Hundred Fifty Dollars ($150) as a fee to secure a license that is good for a period of one year. This fee is charged for purposes of administration of the law and to regulate such business. This State tax is levied clearly for revenue purposes and placed in the General Fund. The Court in Shed v. State, 155 S.W. 524, approved the lower court in defining the word "occupation" as follows: "By occupation . . . is meant a calling, trade, or vocation which one engages in for the purpose of profit, or making a living, or obtaining wealth." This tax is levied and paid for the privilege of engaging in the named occupation.

The Court of Criminal Appeals held in Benson v. State, 44 S.W. 163 that an order of the Commissioners' Court levying an occupation tax on the occupations taxable by statute was sufficient, without specifying each and every occupation on which a tax is levied.

It is therefore our opinion that the ordinance of the city of Austin which you quote is a valid enactment.

## SUMMARY

A municipality has the authority to levy an occupation tax against employment and labor agents who hire, entice, or solicit common or agricultural workers in such municipality to be employed beyond the limits of this State, in any amount not to exceed one-half of the tax levied by the State. Sec. 1, Art. VIII, Texas Constitution; Art. 1146, V.C.S.

An ordinance of a municipality reading as follows:

"There shall be levied and assessed against and collected from every person, firm, corporation and association of persons in the City of Austin which is taxed by the occupation tax laws of the State of Texas, an occupation tax equal in each instance to one-half ($\frac{1}{2}$) of the occupation tax levied

by the State of Texas on each occupation or separate establishment,"

is valid. Benson v. State, 44 S.W. 163.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *W. V. Geppert*

W. V. Geppert<br>Assistant

WVG/JCP

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL